IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                          13-CR-199

ACQUEST TRANSIT, LLC,

Defendant.

## PLEA AGREEMENT

The defendant, ACQUEST TRANSIT LLC, and the United States Attorney for the Western District of New York (hereinafter "the government"), hereby enter into a plea agreement with the terms and conditions as set forth below.

## I. THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to plead guilty to Count 5 of the Indictment charging a violation of Title 18, United States Code, Section 401(3) [criminal contempt], for which the maximum possible sentence is a fine of $500,000, a mandatory $400 special assessment, and a term of probation of up to 5 years.

2.    The defendant represents that a meeting of the defendant's Sole Member and Manager was held where it was resolved that the defendant has been authorized to enter into this agreement. A copy of the minutes of such meeting is attached to this plea agreement and marked Exhibit A.

## II. ELEMENTS AND FACTUAL BASIS

3.      The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

      a.      That the defendant violated an order of the Court;

      b.      That the violation was of a clear and reasonably specific order of the Court; and

      c.      That the violation was willful.

## FACTUAL BASIS

4.      The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

      a.      The defendant, ACQUEST TRANSIT, LLC (hereinafter "ACQUEST TRANSIT"), is a single-purpose limited liability company organized under the laws of the State of New York, which was established to purchase an approximately 97-acre piece of property at 10880 Transit Road, Amherst, New York (hereinafter the "Site"). WILLIAM L. HUNTRESS (hereinafter "HUNTRESS") served as the Sole Member and Manager of the defendant.

      b.      On or about January 20, 2006, the defendant purchased the Site for $425,000.

      c.      On or about July 15, 2009, the United States District Court for the Western District of New York enjoined the defendant and "its officers, agents, successors, employees, and others acting in concert with it ... from placing additional fill or performing any additional earthmoving work at the" Site (hereinafter "the Order"). On or about May 25, 2010, a farmer, acting on behalf of and at the direction of the defendant, performed mechanized activities on the Site which included discing the Site with agricultural implements. Such action was a violation of the Court's Order, and the defendant acted willfully in violating the Order.

## III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

6. The government and the defendant agree that Guideline §8C2.10 applies for the offense of conviction and therefore the Court should determine an appropriate fine by applying the provisions of 18 U.S.C. §§ 3553 and 3572.

7. Notwithstanding the above, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that the Court at the time of sentencing:

  a. Place the defendant on probation for two years, during which time it shall comply with all local, state, and federal laws.

  b. Impose a criminal fine of $250,000 ($62,500 to be paid at sentencing; $62,500 to be paid 4 months from the date of sentencing; $62,500 to be paid 8 months from the date of sentencing; and $62,500 to be paid 12 months from the date of sentencing).

  c. Impose a $400 special assessment.

If, after reviewing the pre-sentence report the Court rejects this agreement, the parties will be relieved of their obligations under this agreement, the General Release, and each of the Notices of Partial Voluntary Dismissal attached hereto, and the defendant shall then be afforded the opportunity to withdraw the plea of guilty.

# IV. STATUTE OF LIMITATIONS

8.     In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to conspiracy; making false statements; contempt; or obstruction of justice which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

# V. GOVERNMENT RIGHTS AND RESERVATIONS

9.     The defendant understands that the government has reserved the right to:

a.     provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history, if any;

b.     respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.     advocate for a specific sentence consistent with the terms of this agreement; and

d.     modify its position with respect to any sentencing recommendation in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation.

10.    At sentencing, the government will move to dismiss the open counts of the Indictment pending against the defendant.

11.    At sentencing, the government will move to dismiss the Indictment pending against defendants WILLIAM L. HUNTRESS and ACQUEST DEVELOPMENT LLC.

12.    The government agrees not to charge the defendant, or any other related persons or entities, with committing any other federal criminal offenses, known at the time of the execution of this agreement, related to the activities of the defendant or any other related persons or entities at the Site, between in or about June of 2005, and the date of this agreement. This agreement does not prohibit any other agency of the United States from initiating, continuing, or otherwise prosecuting any civil or administrative proceedings directly or indirectly involving the defendant or any other related persons or entities, including, but not limited to, proceedings by EPA related to suspension and/or debarment.

13.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

14.    The defendant understands and agrees that the Court, at the time of sentencing, may order that all monetary penalties imposed at that time (including any fine or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and subject to immediate

enforcement by the United States. The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment.

## VI. APPEAL RIGHTS

15.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which is consistent with the sentence set forth in ¶7, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

16.     The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

17.     The government waives its right to appeal any component of a sentence imposed by the Court which is consistent with the sentence set forth in ¶7, above, notwithstanding the manner in which the Court determines the sentence. However, in the

event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII. RESOLUTION OF CERTAIN OTHER PROCEEDINGS

18. Simultaneously with the Court's approval of the entry of the plea, the defendant, and its Sole Member and Manager, William L. Huntress, Acquest Development LLC, and Acquest Wehrle LLC, agree to execute and file Notices of Partial Voluntary Dismissal in the form attached hereto as Exhibit 1 and 2. In addition, the defendant, and its Sole Member and Manager, William L. Huntress, Acquest Development LLC, and Acquest Wehrle LLC, agree to execute a General Release in the form attached hereto as Exhibit 3 and provide the executed General Release to counsel for the government simultaneously with the Court's approval of entry of the plea.

19. The parties agree that the defendant, and its Sole Member and Manager, William L. Huntress, Acquest Development LLC, and Acquest Wehrle LLC, reserves the right to proceed with any lawsuits or claims against individuals and/or entities not listed in the Notices of Partial Voluntary Dismissal attached hereto as Exhibits 1 and 2, or in the General Release attached hereto as Exhibit 3.

20. The parties agree that nothing herein is intended to, or shall be construed as forgiving or waiving or otherwise addressing any claims or causes of action the defendant, and its Sole Member and Manager, William L. Huntress, Acquest Development LLC, and Acquest Wehrle LLC have now or may have against any individual or government agency

not listed in Exhibits 1, 2 or 3, including but not limited to the United States Environmental Protection Agency and the United States Army Corps of Engineers, and including but not limited to the following individuals in their individual and/or official capacities: Walter Mugdan, Phyllis Feinmark, Doughlas McKenna, David Pohle, Mary Ann Theising, Murray Lantner. Instead, this agreement is intended and should be construed only as a compromise plea agreement. The sole force and effect of this Section VII of this agreement shall be an agreement by the defendant, and its Sole Member and Manager, William L. Huntress, Acquest Development LLC, and Acquest Wehrle LLC not to sue the United States Department of Justice or the individuals named in Exhibits 1, 2 or 3 for claims and causes of action that the defendant, and its Sole Member and Manager, William L. Huntress, Acquest Development LLC, and Acquest Wehrle LLC otherwise has or may have against these agents and/or the United States Department of Justice.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

21.     This plea agreement and the documents attached hereto, specifically Exhibits 1-3, represent the total agreement between the defendant, ACQUEST TRANSIT LLC, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant with respect to this action.

WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York

BY: _____

AARON J. MANGO

-8-

Assistant United States Attorney

Dated: November _5_, 2015

The corporate defendant, ACQUEST TRANSIT LLC, by its attorney, PAUL J. CAMBRIA, JR., Esq. and by written consent of the sole member and manager, a copy of which resolution is attached hereto and marked Exhibit A, hereby agrees to all the terms of this agreement. Furthermore, the defendant, ACQUEST TRANSIT LLC, acknowledges that all the terms of this agreement, which consists of 9 pages, have been explained to the sole member and manager. The defendant has had a full opportunity to discuss this agreement with its attorney, PAUL J. CAMBRIA, JR., Esq. The defendant states that it represents the total agreement reached between itself and the government. No promises or representations have been made to the defendant or any representative of the defendant other than what is contained in this agreement. The defendant fully agrees with the contents of this agreement. The defendant is signing this agreement voluntarily.

_____
ACQUEST TRANSIT LLC
Defendant
BY:    Louis C. Fessard
          General Counsel

Dated: November _5_, 2015

_____
PAUL J. CAMBRIA, JR., ESQ.
Attorney for the Defendant

Dated: November _5_, 2015

-9-

# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ACQUEST TRANSIT, LLC,<br>ACQUEST DEVELOPMENT, LLC,<br>WILLIAM L. HUNTRESS,<br><br>Defendants<br>(Plaintiffs in<br>consolidated case)<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>OF JUSTICE; ERIC H. HOLDER, JR.,<br>in his official capacity as Attorney General<br>of the United States; WILLIAM J.<br>HOCHUL, JR., in his official capacity as<br>United States Attorney for the Western<br>District of New York; UNITED STATES<br>ENVIRONMENTAL PROTECTION<br>AGENCY; BOB PERCIASEPE, in his<br>official capacity as Acting Administrator<br>of the Environmental Protection Agency;<br>UNITED STATES DEPARTMENT OF<br>DEFENSE ARMY CORPS OF<br>ENGINEERS; and LIEUTENANT<br>GENERAL THOMAS P. BOSTICK, in<br>His official capacity as Commanding<br>General and Chief of Engineers, Army<br>Corps of Engineers,<br><br>Defendants in<br>consolidated case. | Civil Action 09-CV-055 (WMS) (LGF)<br>(and consolidated case 12-cv-1146) |

## NOTICE OF PARTIAL VOLUNTARY DISMISSAL

PLEASE TAKE NOTICE, that pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, Defendants (Plaintiffs in Consolidated Case), Acquest Transit LLC, Acquest Development LLC, and William L. Huntress, hereby voluntarily dismiss this action against only the U.S. Department of Justice, Eric H. Holder, Jr., and William J. Hochul, Jr., with prejudice and on the condition that the Court accepts the plea agreement proposed in 13-CR-199. This Notice is limited specifically to the aforementioned Consolidated Case Defendants and all other claims, causes of action or defenses asserted by the Defendants/Consolidated Plaintiffs in this action shall remain unaffected by this Notice.

DATED: Buffalo, New York, October ___, 2015.


DATED: October ___, 2015

Sworn to before me this ___ day of
_____, 2015

_____
Notary Public, State of New York
Qualified in Erie County
My Commission Expires _____

_____
WILLIAM L. HUNTRESS


DATED: October___, 2015



Sworn to before me this ___ day of
_____, 2015


_____
Notary Public, State of New York

_____
ACQUEST DEVELOPMENT LLC
By:    William L. Huntress
       Sole Member and Manager

Qualified in Erie County
My Commission Expires _____


DATED: October ___, 2015


Sworn to before me this ___ day of
_____, 2015


_____
Notary Public, State of New York
Qualified in Erie County
My Commission Expires _____


DATED: October ___, 2015

<div style="margin-left: 2em;">

**ACQUEST TRANSIT LLC**
By:    William L. Huntress
           Sole Member and Manager


**RUPP BAASE PFALZGRAF CUNNINGHAM LLC**
Attorneys for Defendants/Consolidated Plaintiffs


By:_____
      Matthew D. Miller, Esq.
      1600 Liberty Building
      Buffalo, New York 14202
      (716) 854-3400
      Miller@ruppbaase.com


**SNELL & WILMER L.L.P.**
Attorneys for Defendants/Consolidated Plaintiffs
*Pro Hac Vice*
Bradley R. Cahoon (Utah #5925)
15 West South Temple, Suite 1200
Beneficial Tower
Salt Lake City, Utah 84101-1004
(801) 257-1900
bcahoon@swlaw.com

</div>

3

# Exhibit 2

|  |  |
|---|---|
| **WILLIAM L. HUNTRESS**, *et al.*,<br><br>     Plaintiffs,<br><br>     v.<br><br>**WALTER E. MUGDAN**, *et al.*,<br><br>     Defendants. | No. 1:12-cv-00559-WMS |

## NOTICE OF PARTIAL VOLUNTARY DISMISSAL

PLEASE TAKE NOTICE, that pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, Plaintiffs, Acquest Transit LLC, Acquest Development LLC, Acquest Wehrle LLC, and William L. Huntress, hereby voluntarily dismiss this action against only Robert Conway and William V. Lometti, with prejudice and on the condition that the Court accepts the plea agreement proposed in 13-CR-199. This Notice is limited specifically to the aforementioned defendants and all other claims and causes of action asserted by the Plaintiffs in this action shall remain unaffected by this Notice.


DATED: Buffalo, New York, October ___, 2015.


DATED: October ___, 2015

Sworn to before me this ___ day of
_____, 2015

_____            **WILLIAM L. HUNTRESS**

_____
Notary Public, State of New York
Qualified in Erie County
My Commission Expires _____

DATED:  October___, 2015

Sworn to before me this ___ day of
_____, 2015


_____
Notary Public, State of New York
Qualified in Erie County
My Commission Expires _____


_____
ACQUEST DEVELOPMENT LLC
By:     William L. Huntress
        Sole Member and Manager



DATED: October ___, 2015

Sworn to before me this ___ day of
_____, 2015


_____
Notary Public, State of New York
Qualified in Erie County
My Commission Expires _____


_____
ACQUEST TRANSIT LLC
By:     William L. Huntress
        Sole Member and Manager



DATED:  October ___, 2015

Sworn to before me this ___ day of
_____, 2015


_____
Notary Public, State of New York
Qualified in Erie County
My Commission Expires _____


_____
ACQUEST WEHRLE LLC
By:     William L. Huntress
        Sole Member and Manager

DATED: October \_\_\_, 2015

**RUPP BAASE PFALZGRAF CUNNINGHAM LLC**
Attorneys for Plaintiffs

By:_____
      Matthew D. Miller, Esq.
      1600 Liberty Building
      Buffalo, New York 14202
      (716) 854-3400
      Miller@ruppbaase.com

**SNELL & WILMER L.L.P.**
Attorneys for Plaintiffs
*Pro Hac Vice*
Bradley R. Cahoon (Utah #5925)
15 West South Temple, Suite 1200
Beneficial Tower
Salt Lake City, Utah 84101-1004
(801) 257-1900
bcahoon@swlaw.com

# Exhibit 3

# GENERAL RELEASE

1.  ACQUEST TRANSIT LLC, WILLIAM L. HUNTRESS, ACQUEST DEVELOPMENT LLC, and ACQUEST WEHRLE LLC, their agents, servants, and employees, for good and valuable consideration, the receipt of which is hereby acknowledged, hereby release and discharge from any and all actions, lawsuits, claims, demands, rights and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, in law, admiralty or equity, which they have or hereafter can, shall or may have for, by reason of any matter, cause or thing whatsoever from the beginning of the World to the date of this Agreement, or any other acts or omissions, they had, have, or may have against the United States Department of Justice, Robert Conway, William V. Lometti, Eric H. Holder, Jr., William J. Hochul, Jr., David McLeod, Brian Kelly, Daniel Lau, Aaron J. Mango, Todd W. Gleason, Kevin Cassidy, Adam Buchbinder, Katherine A. Rivera, Renee Stewart, Justus Derx, Michael Wylie, and Vernesa Jones-Allen.

2.  ACQUEST TRANSIT LLC, WILLIAM L. HUNTRESS, ACQUEST DEVELOPMENT LLC, and ACQUEST WEHRLE LLC, and their heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless: the United States Department of Justice, Robert Conway, William V. Lometti, Eric H. Holder, Jr., William J. Hochul, Jr., David McLeod, Brian Kelly, Daniel Lau, Aaron J. Mango,

1

Todd W. Gleason, Kevin Cassidy, Adam Buchbinder, Katherine A. Rivera, Renee Stewart, Justus Derx, Michael Wylie, and Vernesa Jones-Allen from any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims against them by ACQUEST TRANSIT LLC, WILLIAM L. HUNTRESS, ACQUEST DEVELOPMENT LLC, and ACQUEST WEHRLE LLC, their heirs, executors, administrators or assigns against the United States Department of Justice, Robert Conway, William V. Lometti, Eric H. Holder, Jr., William J. Hochul, Jr., David McLeod, Brian Kelly, Daniel Lau, Aaron J. Mango, Todd W. Gleason, Kevin Cassidy, Adam Buchbinder, Katherine A. Rivera, Renee Stewart, Justus Derx, Michael Wylie, and Vernesa Jones-Allen.

3.     This General Release is not intended to, and shall not be construed as forgiving or waiving or otherwise addressing any claims or causes of action that ACQUEST TRANSIT LLC, WILLIAM L. HUNTRESS, ACQUEST DEVELOPMENT LLC, and ACQUEST WEHRLE LLC have now or may have against any individual or government agency not listed in paragraphs 1 or 2 herein, including but not limited to the United States Environmental Protection Agency and the United States Army Corps of Engineers, and including but not limited to the following individuals in their individual and/or official capacities: Walter Mugdan, Phyllis Feinmark, Doughlas McKenna, David Pohle, Mary Ann Theising, Murray Lantner. The sole force and effect of paragraphs 1 and 2 herein shall be a release and an agreement by ACQUEST TRANSIT LLC, WILLIAM L. HUNTRESS, ACQUEST DEVELOPMENT LLC, and ACQUEST WEHRLE LLC not to sue the United States Department of Justice or the individuals named in paragraphs 1 and 2 herein

2

for claims and causes of action that ACQUEST TRANSIT LLC, WILLIAM L. HUNTRESS, ACQUEST DEVELOPMENT LLC, and ACQUEST WEHRLE LLC otherwise has or may have against these agents and/or the United States Department of Justice.

4.     ACQUEST TRANSIT LLC, WILLIAM L. HUNTRESS, ACQUEST DEVELOPMENT LLC, and ACQUEST WEHRLE LLC, agree and represent that they have thoroughly considered all aspects of this General Release and that they have discussed this Release with their attorney(s).     ACQUEST TRANSIT LLC, WILLIAM L. HUNTRESS, ACQUEST DEVELOPMENT LLC, and ACQUEST WEHRLE LLC, further agree and represent that they are knowingly and voluntarily entering into this General Release.

DATED:  Buffalo, New York, October ___, 2015.


DATED:  October ___, 2015

Sworn to before me this ___ day of
_____, 2015

_____
WILLIAM L. HUNTRESS


_____
Notary Public, State of New York
Qualified in Erie County
My Commission Expires _____


DATED:  October___, 2015

_____
ACQUEST DEVELOPMENT LLC

3

By: William L. Huntress
Sole Member and Manager

Sworn to before me this ___ day of
_____, 2015

_____
Notary Public, State of New York
Qualified in Erie County
My Commission Expires _____

DATED: October ___, 2015

_____
ACQUEST TRANSIT LLC
By: William L. Huntress
Sole Member and Manager

Sworn to before me this ___ day of
_____, 2015

_____
Notary Public, State of New York
Qualified in Erie County
My Commission Expires _____

DATED: October ___, 2015

_____
ACQUEST WEHRLE LLC
By: William L. Huntress
Sole Member and Manager

Sworn to before me this ___ day of
_____, 2015

_____
Notary Public, State of New York
Qualified in Erie County
My Commission Expires _____